## BRADSHAW ET AL. *vs.* DICKSON.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The act of the territorial legislature, passed 22d April, 1806, requiring courts of justice to stop all proceedings against members of the legislature, in actual attendance on legislative duty, and claiming their privilege, is not repealed or superseded by the adoption of the constitution of Louisiana.

A member of the legislature in actual attendance, can claim his privilege, and stop the proceedings in a trial against him after it has commenced; and a refusal to allow his privilege at any time or stage of the cause, is ground for reversal of the judgment against him.

This is an action by the holders and endorsees of a promissory note for seven hundred and twenty-nine dollars and forty cents, against the defendant as the last endorser. The note was regularly protested for non-payment at the Branch Bank of the United States, in New-Orleans, and due notice thereof given to the endorsers.

The defendant pleaded several exceptions, which were overruled. He then answered to the merits, and pleaded various matters in defence. When the cause was on trial, the defendant's counsel moved for a continuance, on the following grounds, which was refused, and a bill of exceptions taken to the opinion of the court.

" Be it remembered, that on the trial of this cause, and after the counsel for the plaintiffs had proceeded in opening the case to the jury, the defendant, by his counsel, moved

EASTERN DIST.
*May*, 1836.

BRADSHAW ET AL
*vs.*
DICKSON.

that the cause be continued, on the ground that the defendant was a member of the house of representatives, and *was then in actual attendance of the sessions* of the legislature, then sitting. The court, however, overruled the objection, though the fact as stated was admitted to be true; to which decision the defendant, by his counsel, excepts," &c. The judge added :

" 1. The claim of privilege was made too late.

" 2. All the privileges of members of the legislature are fixed by the constitution, and cannot be increased."

The act of the legislative council of the territory of Orleans, passed April 22d, 1806, section 2, provides, that " each and every court of this territory shall cause to stop and cease all proceedings in all and every cause, suit or action before them pending, against any *member of the legislative council* or house of representatives, *during their attendance at the session* of said legislature, and in going to and from the same."

The constitution of Louisiana, adopted in 1812, article 2, section 20, says : " The members of the general assembly shall in all cases, except treason, felony, breach of surety of the peace, be privileged from arrest during their attendance at the sessions of their respective houses, and in going to or returning from the same; and for any speech or debate in either house, they shall not be questioned in any other, place."

" All laws now in force in this territory, not inconsistent with this constitution, shall continue and remain in full effect until repealed by the legislature. *Ibid. article* 7, *Schedule, section* 4.

The case was argued and decided upon the foregoing facts, stated in the bill of exceptions, and the act of 1806 and provisions of the constitution.

The district judge proceeded with the trial to judgment, which was rendered against the defendant. He appealed.

*Jones*, for the plaintiffs.

*Schmidt, contra*

*Martin, J.,* delivered the opinion of the court.

The defendant has appealed to this court, and claims the reversal of a judgment rendered against him, on the ground that the court refused to suspend proceedings in his case and allow him his privilege, he being at the time of the trial a member of the legislature, and in actual attendance in the house of representatives.

The privilege claimed is set up under an act of the territorial legislature, passed in 1806. 1 *Moreau's Digest*, 648.

The District Court decided, that the privileges of members of the general assembly are fixed by the constitution, and that the application in this case came too late.

It is clear that the privilege claimed, and secured to the members of the legislature by the constitution, cannot be changed. But that which is now demanded was created by a law which was enacted long anterior, but, it is believed, is not repugnant to the constitution, and which the convention has declared shall remain in full force and effect until repealed by the legislative authority.

It appears to us that, although the District Court was not informed of the character of the defendant, and of his attendance in the house of representatives, until after the plaintiff had proceeded to open his case, even then all proceedings ought to have been suspended, and the trial put off or stopped.

The members of the legislature enjoy, in common with their constituents, the right of attending personally to their suits in court. It would be equally inconvenient to them, as it would be injurious to the public service, if the members were compelled to leave the houses in which they are sitting, and in actual attendance, to go to court and claim their privilege, or attend the trial of their suits. The law has, therefore, made it the duty of every court, to cause all the proceedings in suits in which members of the legislature, in actual attendance, are parties, or are concerned, to cease while their time is employed in the service of the public.

EASTERN DIST.

*May*, 1836.

BRADSHAW ET AL
*vs.*
DICKSON.

The act of the Territorial legislature, passed April. 22, 1806, requiring courts of justice to stop all proceedings against members of the legislature in actual attendance on legislative duty, and claiming their privilege, is not repealed or superseded by the adoption of the constitution of Louisiana.

A member of the legislature in actual attendance, can claim his privilege, and stop the proceeding in a trial against him, after it has commenced, and a refusal to allow his privilege at any time or stage of the cause, is grounds for reversal of the judgment against him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the verdict set aside, and the cause remanded for a new trial; the plaintiffs and appellees paying the costs of the appeal.